## Eshelman *versus* Thompson.

1. An agreement was that T. granted to E. the right to mine on his land. E. agreed to take away 8000 tons per annum, and pay T. 15 cents per ton. E. did nothing on the agreement.   T. sued him in covenant, and assigned for breaches that he did not take away any coal nor pay him; and filed a copy of the agreement.   *Held*, that T. could not take judgment for want of an affidavit of defence.

2. Had the claim been for a sum of money for a certain amount of coal dug and carried away, it would have been on an "instrument of writing for the payment of money."

October 28th 1869.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

[Eshelman *v.* Thompson.]

Error to the Court of Common Pleas of *Indiana county*: No. 155, to October and November Term 1868.

This was an action of covenant brought May 18th 1866 by Hugh A. Thompson against B. L. Eshelman, Thomas Gorman and Charles Hammer, returnable the first Monday in June. The writ was returned May 19th "Summoned" as to Eshelman, and "Nihil" as to the other defendants.

The plaintiff declared on an agreement made the 1st of October 1864 between himself and the defendants, by which he granted to the defendants the right to mine and carry away, for ten years, the fossil coal out of a tract of land in Burrell township, Indiana county; in consideration of which the defendants agreed to pay the plaintiff 15 cents per ton for all the coal mined, the weight to be ascertained in the manner specified in the agreement; the defendants to pay to the plaintiff, on or before the 15th day of each month, "the rent for the coal mined" during the month next preceding; the defendants, at their own cost, to put up and maintain the necessary houses, fixtures, &c., to be taken at the end of the term by the plaintiff at a valuation, ascertained in a mode specified in the agreement; the defendants to work the mines with diligence, and mine and carry away during every year of the term 8000 tons, "unless they shall show some sufficient and reasonable obstacle to prevent them so doing." The defendants further covenanted to mine, &c., in a workmanlike manner. The parties were to sustain the relation of landlord and tenant, and all laws for distraining, &c., for rent to extend to this lease. The breach set out was, that the defendants had not mined 8000 tons of coal per year, nor paid 15 cents per ton therefor, nor shown any reasonable obstacle for not having so done, nor put up any buildings, &c., nor performed any of the other stipulations in the agreement. A copy of the agreement was filed with the declaration.

On the 25th of June 1866 a judgment was taken against Eshelman for $2095, for want of an affidavit of defence.

An Act of Assembly relating to Indiana county provides, that "in all actions brought on bills, notes, bonds and other instruments of writing for the payment of money, &c., it shall be lawful for the plaintiff on or at any time after the third Saturday succeeding the return day, &c., to enter judgment by default, &c., unless the defendant shall have previously filed an affidavit of defence."

The defendant moved the court to take off the judgment, which was refused. He took a writ of error, and assigned for error the refusal to take off the judgment.

*Banks & Weir*, for plaintiff in error.—When the amount sought to be recovered is uncertain and unliquidated, judgment cannot be taken for want of an affidavit of defence: Woodwell *v.* Bluff Mining Co., 1 Casey 365; Watkins *v.* Phillips, 2 Whart. 210.

[Eshelman v. Thompson.]

*J. M. Thompson* and *Stewart & Clark*, for defendant in error.—
The *narr.* and the agreement filed were a formal declaration of the
plaintiff that he had no claim but that which sprung out of the
agreement to pay money: Frank *v.* McGuire, 6 Wright 82;
Johnston *v.* Cowan, 9 P. F. Smith 275.

The opinion of the court was delivered, November 8th 1869, by
Agnew, J.—The court below erred in entering judgment for
want of an affidavit of defence in this case. The plaintiff filed
his declaration at the same time with the copy of the lease, thus
giving notice to the defendants of the nature of his claim. By
the written agreement the defendants contracted to pay a rent
of 15 cents per ton for all coal dug, mined and carried away, the
amount thereof to be ascertained by the weighmaster's certificate
of the weight. Had the claim been for a sum of money founded
on a certain amount of coal dug and carried away, it would be
difficult to maintain that the action was not upon an instrument
of writing for the payment of money. The authorities would
then support the right of the plaintiff to recover judgment for
want of the required affidavit of defence. The case of Frank *v.*
McGuire, 6 Wright 82, goes to this extent, and no further. But
in the present case it is not pretended that a single ton of coal
was dug and mined; and the plaintiff counts in his *narr.* for
none. His breaches are assigned for a failure to perform any
part of the agreement, and his declaration claims damages for the
entire non-performance. Instead of averring that coal was dug,
and how many tons, it alleges that the 8000 tons were not dug,
and that no sufficient cause has been assigned by the defendants
for not digging them; and, in short, the whole claim sounds in
damages for non-performance of all the terms of the lease. The
case therefore does not fall within the Act of Assembly requiring
an affidavit of defence.

Johnston, Taylor & Co. *v.* Cowan, 9 P. F. Smith 275, decided
at the last term in this district, differs from the present case, and
affords it no countenance. There the lease of the privilege for
taking clay was at a minimum specific money rent of $300, pay-
able in semi-annual sums of $150, whether the clay was dug or
not; and it was for this minimum sum the plaintiff brought his
action. The evident intent of the contract there was, that John-
ston, Taylor & Co. should pay the minimum sum unconditionally,
with the provision for more, if more clay should be dug and taken
away than would, at the stipulated rate, amount to that sum, and
Cowan, the plaintiff, claimed the $300 only. That case is there-
fore no authority for this.

Judgment reversed, and the record remanded with a
*procedendo.*